(No. 26331.—

The People of the State of Illinois, Defendant in Error, *vs.* Wesley Bennett, Plaintiff in Error.

*Opinion filed Nov. 18, 1941—Rehearing denied January 15, 1942.*

James M. Burke, and George M. Crane, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, of counsel,) for the People.

Mr. Justice Shaw delivered the opinion of the court:

A jury in the criminal court of Cook county found Wesley Bennett guilty of rape. Motions for a new trial

and in arrest of judgment were overruled and he was sentenced to three years in the penitentiary. Plaintiff in error sued out this writ of error, contending that the court admitted incompetent and prejudicial evidence, that the State's attorney committed certain acts of misconduct, and that the verdict of the jury was contrary to the weight of the evidence.

Prosecutrix was eleven years of age at the time of the crime charged. She testified that she met the plaintiff in error when she was in school, in 1940; that on January 20, 1941, plaintiff in error drove up in his car, that she and another girl got into the car with him and he took the two girls to a hotel room; that the act charged was committed there in the hotel room in the presence of her girl friend. The remainder of her testimony reveals the sordid details of the act charged, and it is unnecessary to relate them here. A schoolmate of the prosecutrix, fourteen years of age, testified that the crime charged was committed in her presence in the hotel room, and that as she and prosecutrix left the room the plaintiff in error gave them each $3.

The housekeeper at the hotel testified that plaintiff in error registered at the hotel as Jack King on January 20, 1941; that she saw the prosecutrix and her friend run past the hotel desk and start up the stairs; that she called to them, but permitted them to proceed, and that she did not know what room the girls went to.

Dr. Frances A. Ring testified that she examined the prosecutrix January 31, 1941; that she found a ruptured hymen, and that it was slightly dilated.

Plaintiff in error testified in his own behalf and related that he was fifty-eight years of age; that he was employed as a salesman for a Chicago company at the time of the crime charged. He testified that he had been married for twenty-eight years, and that he had no children; that he was afflicted with gall bladder trouble, and an enlarged prostate. He admitted knowing both the prosecutrix and her

friend. He further stated that he told the girls that he was in search of a girl sixteen or eighteen or twenty years old who could do housework and who could help him and his wife in the study of the Spanish language. He admitted taking the girls, at a prior date, to an apartment on the south side. He further testified that on January 20, 1941, he was feeling ill with a gall bladder attack; that he went to the hotel described by prosecutrix, registered under the name of Jack King, and went up to a room and took a hot bath. He stayed there for about an hour and a half. He denied that the girls were in his hotel room on that date, and denied that the act charged ever took place. He further testified that he had not been able to have sexual intercourse for the past four years. He was corroborated in this statement by his wife. A doctor called on behalf of the plaintiff in error testified that he made a complete physical examination of the plaintiff in error in April, 1941, and that the results of that examination indicated that the plaintiff in error would not have been able to perform an act of sexual intercourse at the time of the examination or in January, 1941.

Plaintiff in error complains of the admission of certain incompetent evidence, which related to other acts of familiarity prior to the time of the commission of the crime of rape. Part of this evidence ordinarily should have been excluded in a trial charging rape, but it must be pointed out that there was in the indictment a charge of taking indecent liberties with a child. This count remained in the indictment until the close of the evidence, and the evidence complained of was therefore competent under the charges contained in the indictment. The motion to compel the People to elect upon which charge it would stand was not made until all of the evidence was before the jury. After the People elected to proceed under the count charging rape, no motion was made to strike any of the evidence, tending to prove the indecent liberties count.

The rule is well settled that the question of credibility of the witnesses is to be determined solely by the jury. The testimony of the prosecutrix was substantially corroborated by her schoolmate who was present when the act occurred. While the testimony of the physician who examined plaintiff in error is entitled to serious consideration, it is not sufficient to absolve the plaintiff in error of guilt.

We have carefully analyzed all of the testimony presented by the People, and in behalf of the plaintiff in error, and we are convinced that the verdict as found by the jury was correct. (*People* v. *Price,* 371 Ill. 137; *People* v. *Howell,* 375 id. 263.) Further, there is no merit in the contention that the State's attorney was guilty of improper conduct through any of his cross-examination or in his argument to the jury.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*